UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Montez Lee and Dayne Sitladeen, | Case No. 21-cv-2530 (KMM/TNL) |
| Plaintiffs, | |
| v. | ORDER |
| Sherburne County Sheriffs Department, Joel Brott, Donald Starry, Patt Carr, Brian Frank, David Isias, Mark Frittle, Chris Bloom, and Thomas Zerwas, | |
| Defendants. | |

This action comes before the Court with a number of complications. For the following reasons, the Court (1) rescinds an earlier Report and Recommendation and an earlier Order, and (2) orders Plaintiffs to submit (within 21 days of this Order's date) either this action's filing fee or *in forma pauperis* ("IFP") applications for all Plaintiffs save Montez Lee and Wayne Sitladeen.

The Court received Plaintiffs' Complaint on November 18, 2021. *See* Docket. As filed, the Complaint had 23 named plaintiffs.[1] Plaintiffs did not pay this action's filing fee or submit any IFP applications. *See id*. As a result, the Clerk of Court sent each Plaintiff—with one exception discussed below—a letter warning that, for this action to proceed, he

---

[1] The list—as entered by the Clerk of Court—is Steven Goldmann, Romelle Smith, Mohamed Hussein, Demetre Spencer, Derrick Hoff, Corey Davis, Marco A. Avila, Randall Ayou, Edgar Cisneros, Joel Garcia, Adonis Dorman, Gerald Clark, David Gehl, Montez Lee, Dayne Sitladeen, Sienemah Gaye, Mohamed Farah, Chad Sumner, Joey Gonzales, Chris Rajuaran, Richard H. Sodetku, Peter Berry, and Eric Dungy. *See* Compl. at 23–29 [ECF No. 1]. Given later correspondence in this case, the Court believes that Plaintiff "Chris Rajuaran" is actually named "Chris Rajkaran."

needed to submit the filing fee or an IFP application. *See id.* (entries 6–27); *see also, e.g.*, Letter at 1 (letter to Goldmann) [ECF No. 4 ("Goldmann Letter")]. The Clerk's office sent each letter on November 29, 2021, and each letter gave the relevant Plaintiff 15 days—i.e., until December 14, 2021—to submit the fee or application, failing which the Court would recommend dismissing the plaintiff's claims for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g.*, Goldmann Letter at 1.

As of December 15, 2021, the Court had received no fee payments or IFP applications. *See* Docket. Certain Plaintiffs had made other filings, as part of requesting a temporary restraining order. *See, e.g.*, Docket (entries 28–36). As for certain other Plaintiffs—Mohamed Farah, Randall Ayou, Mohamed Hussein, and Corey Davis—various materials sent to them were returned to the court as "undeliverable." *See id.* On December 15, the Clerk's office sent a warning letter to Plaintiff Eric Dungy, who apparently had been accidentally left out of the Clerk's November mailings. *See* Letter at 1 [ECF No. 39]. This letter resembled the letters sent to the other Plaintiffs, and also gave Dungy 15 days—for him, until December 30, 2021—to submit a filing fee or IFP application. *See id.*

On December 20, 2021, the Court received IFP applications from two Plaintiffs: Dayne Sitladeen and Montez Lee. *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs (Sitladeen application [ECF No. 40]); Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs (Lee application [ECF No. 41]).

Fast forward to February of this year. As of February 3, the Court had not received a filing fee or IFP application from any additional Plaintiffs. *See* Docket. (Indeed, yet another Plaintiff—Richard Sodetku—had materials returned as undeliverable. *See id.*)

2

The Court therefore entered a report and recommendation recommending the dismissal from this action of all Plaintiffs except Sitladeen and Lee. *See* R. & R. at 2–3 [ECF No. 44 ("February 2022 R&R")]. As for those two Plaintiffs, the Court ordered each to submit an initial partial filing fee, and also ordered Lee to provide a signed copy of his IFP application. *See* Order at 5 [ECF No. 45 ("February 2022 Order")]. This order gave Sitladeen and Lee 20 days—until February 23, 2022—to comply, failing which (again) the Court would recommend dismissing them from this action for failure to prosecute.

As of today's date, neither Sitladeen nor Lee has paid his initial partial filing fee, and Lee has not submitted a signed IFP application. *See* Docket. And yet more plaintiffs have had materials returned to the Court as undeliverable. *See id.* Several weeks ago, however, on March 3, 2022, Molly Frances Billion (of the law firm Contreras & Metelska, PA) filed a notice of appearance "for all named and unnamed Plaintiffs in this case, including but not limited to Steven Goldmann, Montez Lee, Sienemah Gaye, and Chris Rajkaran." Not. of Appearance at 1 [ECF No. 46].

Such are the complications of this case. The Court could be justified in entering a report and recommendation recommending the dismissal of Sitladeen's and Lee's claims for failure to prosecute: their deadline to submit a filing fee or IFP application is long past. But because Plaintiffs now appear to have counsel, the Court concludes that the better path is to give Plaintiffs a final chance to proceed with this action.

As one step toward this goal, the Court will rescind the February 2022 R&R and the February 2022 Order. The upshot is that the problems identified by the Clerk's office's

warning letters now largely rearise—this action's filing fee is still unpaid, and of twenty-three Plaintiffs, only two have submitted IFP applications.

Under 28 U.S.C. § 1914(a), "the parties instituting any civil action" in a district court must "pay a filing fee of $350." (Additional administrative fees now apply, making the current total fee $402.00.) Courts in this District treat this provision as requiring payment of one filing fee in multiplaintiff cases. *See, e.g.*, Order at 6, *Brenizer v. Cnty. of Sherburne*, No. 21-CV-1301 (DSD/TNL) (D. Minn. Aug. 31, 2021) ("*Brenizer* Order") (citing *Boriberne v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004)); *Jackson v. Mike-Lopez*, No. 17-CV-4278 (JRT/BRT), 2018 WL 614737, at *2 (D. Minn. Jan. 29, 2018). On the other hand, under 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Courts considering this requirement have held that when multiplaintiff prisoner cases proceed under § 1915, paying a single filing fee is not enough—each plaintiff must separately pay the full filing fee. *See, e.g.*, *Brenizer* Order 6 (citing cases); *cf. Jackson*, 2018 WL 614737, at *2 (denying as moot IFP applications of nonpaying prisoner plaintiffs in multiprisoner action after one prisoner plaintiff paid single filing fee).

Given these rules, the Court sees two main options if Plaintiffs wish to proceed. First, if no Plaintiff submits this action's filing fee, then every Plaintiff here must submit an IFP application.[2] Alternatively, any single Plaintiff could pay the action's filing fee, at

---

[2] Indeed, to avoid paying this action's filing fee, not only will every Plaintiff have to submit an IFP application, but each Plaintiff will have to actually qualify for IFP status. *See, e.g.*, *M.S. v. Dep't of Homeland Sec.*, No. 20-CV-1325 (SRN/DTS), 2020 WL 7496498, at *1 (D. Minn. Aug. 28, 2020) (citing *Anderson v. California*, No. 10-CV-2216 (MMA/AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010)), *report and recommendation adopted*, 2020 WL

4

which point the Court can deny Sitladeen's and Lee's IFP applications as moot and no other Plaintiff will need to file an IFP application.  The first path is likely simpler, but of course, the choice here is ultimately up to Plaintiffs and their counsel.

The Court will give Plaintiffs 21 days from this Order's date either to submit (1) this action's filing fee, or (2) IFP applications for all Plaintiffs who have yet to submit one.  If Plaintiffs timely submit neither, this Court will recommend dismissing this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. This Court's Report and Recommendation dated February 3, 2022 [ECF No. 44], and its Order of the same date [ECF No. 45] are **RESCINDED**.

2. **Within 21 days of this Order's date**, Plaintiffs must submit either (1) this action's $402.00 filing fee, or (2) IFP applications for all named Plaintiffs except Dayne Sitladeen and Montez Lee.  If Plaintiffs timely submit neither, this Court will recommend dismissing this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Date: April  5  , 2022

          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Lee et al. v. Sherburne County Sheriffs Department et al.*
Case No. 21-cv-2530 (KMM/TNL)

---

7489767 (D. Minn. Dec. 21, 2020); *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019) (same), *report and recommendation adopted*, 2019 WL 858671 (D. Minn. Feb. 22, 2019).