UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Goldmann, et al., | Case No. 21-cv-2530 (KMM/DJF) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| The County of Sherburne, et al., | |
| Defendants. | |

This matter commenced in November 2021 when twenty-three prisoner Plaintiffs filed a self-styled Complaint, alleging that staff at the Sherburne County Jail routinely open, copy, and withhold inmate mail ("Original Complaint") (ECF No. 1). Plaintiffs unsuccessfully attempted to represent themselves pro se for several months before obtaining counsel in March 2022 (ECF No. 46). In July 2023, Plaintiffs' counsel notified the Court by email that he was unable to contact several Plaintiffs due to unresponsiveness or outdated contact information. The Court directed Plaintiffs' counsel to file a letter by August 8, 2023, identifying any Plaintiff who had neither maintained contact with Plaintiffs' counsel nor provided counsel with contact information through which communications about this matter reliably could be made. (ECF No. 117.)

On August 8, 2023, Plaintiffs' counsel timely filed a letter that identified eight Plaintiffs he could not locate or contact, and one Plaintiff who was incarcerated but not responding to any form of communication. (ECF No. 122.) Plaintiffs' counsel described his attempts to contact those Plaintiffs through various creative means, including through family members or former attorneys. (*Id.*) Plaintiffs' counsel requested an additional two weeks to attempt to contact those Plaintiffs. (*Id.*) On August 9, 2023, the Court ordered Plaintiffs' counsel to submit a follow-up letter by August 22, 2023. (ECF No. 123.) Plaintiffs' counsel timely filed his follow-up letter and

confirmed that he remained unable to locate or contact the following Plaintiffs: Cory Davis, Randall Ayou, Edgar Cisneros, Dayne Sitladeen, Mohamed Farah, Chris Rajkaran, Chad Sumner, and Roger Sodetku. (ECF No. 124.) Plaintiffs' counsel explained that he had located Plaintiff Sitladeen in Canada but that Mr. Sitladeen did not respond to a letter Plaintiffs' counsel sent him. (*Id.*)

On August 24, 2023, the Court ordered Plaintiffs Davis, Ayou, Cisneros, Sitladeen, Farah, Rajkaran, Sumner, and Sodetku to show cause as to why they should not be dismissed from this matter for failure to prosecute ("Order to Show Cause") (ECF No. 125). The Court ordered a response by September 6, 2023. (*Id.*) On September 6, 2023, Plaintiffs' counsel responded to the Order to Show Cause on behalf of Mr. Sitladeen (ECF No. 126). Plaintiffs' counsel explained that Mr. Sitladeen called him on September 4, 2023 and stated his desire to remain a party to this action. (*Id.*) According to Plaintiffs' counsel, Mr. Sitladeen was not aware this case remained active and did not receive the letter Plaintiffs' counsel sent him until September 2, 2023, after which he made contact as soon as he could. The Court is satisfied with Mr. Sitladeen's response and will not recommend that he be dismissed from this matter.

No other Plaintiff responded to the Court's Order to Show Cause. Dismissal of the claims brought by Plaintiffs Davis, Ayou, Cisneros, Farah, Rajkaran, Sumner, and Sodetku is therefore appropriate because they have not been participating in the prosecution of this case and, despite Plaintiffs' counsel's diligent attempts to reach them, he has been unable to confirm their continued interest in participating. Their lack of participation creates significant barriers to the forward progress of this litigation, interfering both with the discovery process and the parties' ability to conduct settlement negotiations. "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current

address at which he or she can be reached." *Grant v. Astrue*, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (citing *Fate v. Doe*, No. 7-cv-9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008); *Passe v. City of New York*, No. 2-cv-6494, 2009 WL 290464, at *4 (E.D.N.Y. Jan. 5, 2009) (holding that plaintiff is responsible for failure to receive communications due to plaintiff's failure to provide the court with updated and correct contact information); *Abraham v. Singh*, No. 4-cv-44, 2005 WL 2036887 at, *2 (E.D. La. July 27, 2005) (noting that plaintiff's inaccessibility and failure to update his address suggest a failure to prosecute his case)), *report and recommendation adopted,* 2010 WL 3023661 (D. Minn. Aug. 2, 2010). Rule 41(b) of the Federal Rules of Civil Procedure also permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order." Fed. R. Civ. P. 41(b). These individuals violated a court order by failing to respond to the Court's order to show cause. The Court therefore recommends that Plaintiffs Davis, Ayou, Cisneros, Farah, Rajkaran, Sumner, and Sodetku be dismissed from this matter for failure to prosecute their claims and for violating the Court's order.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the claims brought by Plaintiffs Cory Davis, Randall Ayou, Edgar Cisneros, Mohamed Farah, Chris Rajkaran, Chad Sumner, and Roger Sodetku **BE DISMISSED** from this action without prejudice.

Dated: September 8, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).